UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN M. ARREDONDO,

        Plaintiff,

                                    File No.  1:06-CV-863

v.

                                    HON. ROBERT HOLMES BELL

S2 YACHTS d/b/a TIERA YACHTS,

        Defendant.

_____/

## **O P I N I O N**

This matter is before the Court on a motion for partial dismissal filed by Defendant S2 Yachts, doing business as Tiera Yachts.  (Def.'s Mot. for Partial Dismissal, Docket #6.) Plaintiff Kathryn M. Arredondo filed this lawsuit alleging that Defendant unlawfully retaliated against her in violation of Section 503(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), and Section 602(a) of the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1602.  Defendant seeks to have Plaintiff's claims under 42 U.S.C. § 12203 for compensatory and punitive damages dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant contends that compensatory and punitive damages are not available for violations of § 12203.  For the reasons that follow, the Court grants Defendant's motion for partial dismissal.

## **I.**

Rule 12(b)(6) tests whether a complaint "fail[s] to state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a complaint may be dismissed

only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations of the complaint.  *See Moon v. Harrison Piping Supply*, 465

F.3d 719, 723 (6th Cir. 2006);  *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004).  The

court must construe the complaint in the light most favorable to plaintiff, accept all factual

allegations as true, and determine whether it is established beyond a doubt that the plaintiff

can prove no set of facts in support of her claim that would entitle her to relief.  *See Roberts*

*v. Ward*, 468 F.3d 963, 967 (6th Cir. 2006);  *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 638

(6th Cir. 2005).  The court need not accept as true legal conclusions or unwarranted factual

inferences.  *See Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005);  *Booker v. GTE.net*

*LLC*, 350 F.3d 515, 517 (6th Cir. 2003).

## II.

Plaintiff contends that a plaintiff who prevails on a retaliation claim under § 12203

may recover compensatory and punitive damages.  Defendant contends that compensatory

and punitive damages are not available for violations of § 12203.  The Sixth Circuit has not

decided whether compensatory and punitive damages are available for violations of § 12203.

The only federal appellate court to have decided the issue is the Seventh Circuit.  *Kramer v.*

*Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir. 2004).[1]  In *Kramer*, the Seventh Circuit held

---

[1]The Fourth Circuit has also held in two unpublished decisions that compensatory and
punitive damages are not available for violations of § 12203.  *Bowles v. Carolina Cargo,*
*Inc.*, 100 F. App'x. 889, 889 (4th Cir. 2004) (per curiam) (unpublished);  *Rhoads v. FDIC*,
94 F. App'x. 187, 188 (4th Cir. 2004) (per curiam) (unpublished).

that compensatory and punitive damages are not available for violations of § 12203. *Id.* at 964-66.

"'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455, 2459 (2006) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). "In statutory construction cases, 'the first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Fullenkamp v. Veneman*, 383 F.3d 478, 481 (6th Cir. 2004) (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002)).  A court "may resort to a review of congressional intent or legislative history only when the language of the statute is not clear."  *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 549 (6th Cir. 1999) (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).  "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992);  *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991)).

Section 12203(a) prohibits retaliation against a person because she has exercised her rights under the ADA.  42 U.S.C.A. § 12203(a) (West 2005 & Supp. 2007).  The remedies for a violation of § 12203 that arises in the course of a person's employment are provided by 42 U.S.C. § 12117.  § 12203(c).  Section 12117 provides that a person who has been subject to unlawful employment practices may seek the remedies provided in 42 U.S.C. §§ 2000e-4,

2000e-5, 2000e-6, 2000e-8 and 2000e-9.  42 U.S.C.A. § 12117(a) (West 2005 & Supp.

2007).  Section 2000e-5(g)(1) provides that a court may award equitable relief in the form

of injunctive relief and back pay.  42 U.S.C.A. § 2000e-5(g)(1) (West 2003 & Supp. 2007).

Section 2000e-5(g)(1) does not provide for compensatory or punitive damages.  *Kramer*, 355

F.3d at 964.  Sections 2000e-4, 2000e-6, 2000e-8 and 2000e-9 do not provide for either

compensatory or punitive damages.

Section 1981a of Title 42 of the United States Code expands the remedies available

under § 2000e-5 for certain statutory violations.  42 U.S.C.A. § 1981a(a)(2) (West 2003 &

Supp. 2007);  *Kramer*, 355 F.3d at 964-65.  Plaintiff contends that § 1981a(a)(2) provides

that  compensatory and punitive damages are available for violations of § 12203.  Section

1981a(a)(2) provides, in relevant part, that:

> In an action brought by a complaining party under the powers, remedies, and
> procedures set forth in section 706 . . . of the Civil Rights Act of 1964
> [§ 2000e-5] (as provided in section 107(a) of the [ADA] (42 U.S.C. 12117(a))
> . . .) against a respondent who engaged in unlawful intentional discrimination
> . . . under . . . section 102 of the [ADA] (42 U.S.C. 12112), or committed a
> violation of section 102(b)(5) of the Act, against an individual, the
> complaining party may recover compensatory and punitive damages as
> allowed in subsection (b) of this section, in addition to any relief authorized by
> section 706(g) of the Civil Rights Act of 1964, from the respondent.

§ 1981a(a)(2). "Section 1981a(a)(2) permits recovery of compensatory and punitive damages

(and thus expands the remedies available under § 2000e-5(g)(1)) only for those claims listed

therein." *Kramer*, 355 F.3d at 965.  Section 1981a(a)(2) only lists §§ 12112 and 12112(b)(5)

of the ADA.  Therefore, § 1981a(a)(2) only expands the remedies provided by § 2000e-5 for

claims brought under §§ 12112 and 12112(b)(5).  *Kramer*, 355 F.3d at 965.

> Generally, when Congress sets forth specific remedies in a statute, those remedies are exclusive. "A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the state [sic] to subsume other remedies. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

*Wheeling-Pittsburgh Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 221 F.3d 924, 926 (6th Cir. 2000) (quoting *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974)) (error in *Wheeling*). "However, this canon of statutory construction must give way to evidence of 'a contrary legislative intent.'" *Wheeling-Pittsburgh Steel Corp.*, 221 F.3d at 927 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979)).

Plaintiff contends that the Court should follow *Edwards v. Brookhaven Science Associates., LLC*, 390 F. Supp. 2d 225 (E.D.N.Y. 2005). The court in *Edwards* declined to follow *Kramer* and instead concluded that the remedies provided by § 1981a(a)(2) are available for violations of §12203. *Id.* at 235-36. The court in *Edwards* reasoned that:

> In the employment discrimination context, the retaliation provision in the ADA refers the reader to 42 U.S.C. § 12117 for its remedy, which in turn adopts the remedies set forth in Title VII, specifically 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a(a)(2). *See id.* § 12117. Thus, the remedies for violations of § 12203 of the ADA and § 12117 of the ADA are coextensive with the remedies available in a private cause of action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. Under the Civil Rights Act of 1991, employees who prevail on a claim under Title I of the ADA may recover compensatory and punitive damages and demand and receive a trial by jury. *See* 42 U.S.C. § 1981(a)(2).

*Edwards*, 390 F. Supp. 2d at 235. The court in *Edwards* read the general language in § 12203(c) that adopts the remedies provided by § 12117 as displacing the specific language of § 1981a(a)(2) that limits the availability of the remedies provided by that subsection to

§§ 12112 and 12112(b)(5).

"It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)); *accord Arlington Cent. Sch. Dist. Bd. of Educ.*, 126 S. Ct. at 2460 ("[I]t is generally presumed that statutory language is not superfluous[.]"). The court in *Edwards* did not explain what meaning, if any, would be given to the references to §§ 12112 and 12112(b)(5) in § 1981a(a)(2) under its construction of the statute. Section 1981a is referenced in three additional ADA related statutes, 2 U.S.C. § 1311, 3 U.S.C. § 411 and 42 U.S.C. § 1988. None of these three other statutes provide a context in which the references to §§ 12112 and 12112(b)(5) in § 1981a would have any meaning if the Court adopted the position of the Court in *Edwards*. *See* 2 U.S.C.A. § 1311(b)(3)(B) (West 2005 & Supp. 2007) (making the ADA applicable to Congress); 3 U.S.C.A. § 411(b) (West 2005 & Supp. 2007) (making the ADA applicable to presidential offices); 42 U.S.C.A. § 1988(b-c) (West 2003 & Supp. 2007) (permitting the recovery of attorney fees and expert fees for actions brought under § 1981a). Additionally, Plaintiff has not identified any situation in which the references to §§ 12112 and 12112(b)(5) in § 1981a(a)(2) would have any meaning if the Court adopted Plaintiff's proposed interpretation of § 1981a(a)(2). Thus, the position adopted by the court in *Edwards* voids the references to §§ 12112 and 12112(b)(5) in § 1981a(a)(2) of any meaning in any conceivable

context.[2]

Prior to the Seventh Circuit's decision *Kramer*, there was a split of authority among

the district courts that had addressed the question of whether compensatory and punitive

damages are available for violations of § 12203.[3]  After *Kramer*, only two district courts have

held that compensatory and punitive damages are available for violations of § 12203.[4]  The

majority of district courts have followed the holding of *Kramer*.[5]

------------------

[2]The reading of § 1981a(a)(2) adopted in *Edwards* is similar to that of the district
court in *Ostrach v. Regents of the University of California*, 957 F. Supp. 196, 200 (E.D. Cal.
1997).  In *Ostrach* the district court quoted § 1981a(a)(2), but omitted the language referring
to §§ 12112 and 12112(b)(5).  *Id.* at 201.  In *Kramer* the Seventh Circuit declined to follow
the reasoning in *Ostrach* because the omitted language was "crucial to the question at issue."
*Kramer*, 355 F.3d at 966.

[3]Prior to *Kramer* two district courts had held that compensatory and punitive damages
were available for violations of § 12203 and three district courts had held that compensatory
and punitive damages were not available for violations of § 12203.  *Compare Sink v.
Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1100-01 (D. Kan. 2001) (compensatory and
punitive damages *are not* available for violations of § 12203), *Boe v. AlliedSignal Inc.*, 131
F. Supp. 2d 1197, 1202-03 (D. Kan. 2001) (same), and *Brown v. City of Lee's Summit*, No.
98-CV-0438, 1999 U.S. Dist. LEXIS 17671, at *8-14, 1999 WL 827768, at *2-4 (W.D. Mo.
June 1, 1999) (unpublished) (same), *with Rhoads v. FDIC*, No. 94-1548, 2002 U.S. Dist.
LEXIS 21865, at *2-6, 2002 WL 31755427, at *1-2 (D. Md. Nov. 7, 2002) (compensatory
damages *are* available for violations of § 12203), and *Ostrach*, 957 F. Supp. at 200-01
(compensatory and punitive damages *are* available for violations of § 12203).

[4]*Kotewa v. Living Independence Network Corp.*, No. 05-CV-426, 2007 U.S. Dist.
LEXIS 14642, at *5-12, 2007 WL 676681, at *2-4 (D. Idaho Mar. 1, 2007) (unpublished);
*Edwards*, 390 F. Supp. 2d at 235.

[5]*Ajuluchuku v. Bank of Am. Corp.*, No. 3:06-CV-60, 2007 U.S. Dist. LEXIS 22741,
at *6, 2007 WL 952015, at *2 (W.D.N.C. Mar. 27, 2007) (unpublished);  *Baugher v. City of
Ellensburg*, No. 06-CV-3026, 2007 U.S. Dist. LEXIS 19073, at *10, 2007 WL 585627, at
*4 (E.D. Wash. Mar. 19, 2007) (unpublished);  *Ajuluchuku v. S. New England Sch. of Law*,
No. 1:05-MI-251, 2006 U.S. Dist. LEXIS 68684, at *57-58, 2006 WL 2661232, at *19 (N.D.

As the Court's earlier analysis of the relevant statutory provisions determined, no statutory text provides compensatory and punitive damages for a violation § 12203. Congress has set forth the specific remedies that are available and there is no evidence of "a contrary legislative intent," so the specified remedies are exclusive. *See Wheeling-Pittsburgh Steel Corp.*, 221 F.3d at 927. Moreover, construing § 1981a(a)(2) as providing that compensatory and punitive damages may be recovered for violations of § 12203 voids the specific references to §§ 12112 and 12112(b)(5) in §1981a(a)(2) of any meaning.

The Court finds the reasoning in *Kramer* and the other cases holding that compensatory and punitive damages are not available for violations of § 12203 more persuasive and more consistent with the statutory text. The Court therefore follows *Kramer* and holds that compensatory and punitive damages are not available for violations of § 12203. The decision in *Edwards* and the case following *Edwards* do not identify "a contrary legislative intent" that would make it permissible for the Court to consider any remedies beyond the specific remedies identified in the statutory text. *See Transamerica Mortgage Advisors, Inc.*, 444 U.S. at 20; *Wheeling-Pittsburgh Steel Corp.*, 221 F.3d at 927.

---

Ga. Sept. 14, 2006) (unpublished); *Shellenberger v. Summit Bancorp, Inc.*, No. 99-5001, 2006 U.S. Dist. LEXIS 36314, at *6-14, 2006 WL 1531792, at *2-5 (E.D. Pa. June 2, 2006) (unpublished); *Cantrell v. Nissan N. Am., Inc.*, No. 3:03-0082, 2006 U.S. Dist. LEXIS 45227, at *2-6, 2006 WL 724549, at *1-2 (M.D. Tenn. Mar. 21, 2006) (unpublished); *Santana v. Lehigh Valley Hosp. & Health Network*, No. 05-CV-01496, 2005 U.S. Dist. LEXIS 16677, at *2-7, 2005 WL 1941654, at *1-2 (E.D. Pa. Aug. 11, 2005) (unpublished); *N.T. v. Espanola Pub. Schs.*, 2005 U.S. Dist. LEXIS 43667, at *38-39 (D.N.M. May 20, 2005) (unpublished); *Sabbrese v. Lowe's Home Centers., Inc.*, 320 F. Supp. 2d 311, 331 (W.D. Pa. 2004).

In the absence of such "contrary legislative intent," the Court declines to follow *Edwards*.

As compensatory and punitive damages are not available for violations of § 12203, there is no set of facts on which Plaintiff could recover compensatory and punitive damages for a violation of § 12203.

**III.**

For the foregoing reasons, the Court grants Defendant's motion for partial dismissal of Plaintiff's claims under § 12203 for compensatory and punitive damages.  Plaintiff has failed to state a claim upon which the Court could grant Plaintiff compensatory and punitive damages for the alleged violation of § 12203.  An order will be entered consistent with this opinion.

Date:  July 25, 2007                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE